## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| JUAN J. DEVALLE,<br><br>      **Plaintiff,**<br><br>v.<br><br>OSCAR AVILES, et al.,<br><br>      **Defendants.** | Civil Action No. 23-1381 (SDW-AME)<br><br>**MEMORANDUM OPINION** |

**IT APPEARING THAT:**

1. On or about March 13, 2023, Plaintiff filed a pro se civil rights complaint, alleging violation of his constitutional rights under 42 U.S.C. § 1983, based on Defendants' refusal to provide him with mental health treatment in Hudson County Correctional Facility ("HCCF"). (ECF No. 1, 1-2).[1] Plaintiff also filed an application to proceed *in forma pauperis* ("IFP"). (ECF No. 1-1).

2. Having reviewed Plaintiff's IFP application, it is clear that he is financially eligible to proceed without prepayment of the filing fee.

3. Because Plaintiff's IFP application shall be granted, this Court is required to screen his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.* "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing

---

[1] Plaintiff filed a prisoner civil rights complaint form, but all of the facts supporting his claims are contained in a letter attached to the complaint. (ECF Nos. 1, 1- 2.)

1

a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)).

    4. In deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a district court is required to accept as true all factual allegations in the complaint and draw all reasonable inferences from those allegations in the light most favorable to the plaintiff, *see Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008), but need not accept as true legal conclusions couched as factual allegations. *Papasan v. Allain*, 478 U.S. 265, 286 (1986). A complaint need not contain "detailed factual allegations" to survive a motion to dismiss, but must contain "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint "that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,'" and a complaint will not "suffice" if it provides only "'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 555, 557 (2007)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). A complaint that provides facts "merely consistent with" the defendant's liability "stops short of the line between possibility and plausibility" and will not survive review under Rule 12(b)(6). *Id.* (quoting *Twombly*, 555 U.S. at 557). While *pro se* pleadings are to be liberally construed in conducting such an analysis, *pro se* litigants must still "allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

5. The defendants to the complaint are Oscar Aviles, warden of HCCF, and Ms. Breeman, a mental health provider at HCCF.  Plaintiff alleges that on November 7, 2022, while confined as a pretrial detainee in HCCF, another detainee approached him and grabbed his buttocks. (ECF No. 1-2 at 1-2.)  Plaintiff notified an officer, who took the other inmate to lock-up.  Plaintiff was then taken to see a psychologist, who informed Plaintiff he would be monitored by the psychology department pursuant to PREA, the Prison Rape Elimination Act.  Since then, Plaintiff has been tormented by daily teasing from inmates and staff.  Plaintiff sought mental health treatment for the trauma he suffered from inmate and staff behavior. Ms. Breeman, from the mental health department, told Plaintiff there was nothing they could do, and that he should seek treatment from the counselors in his drug program at HCCF. Plaintiff alleges the drug counselors are certified only to treat drug issues.  Therefore, he alleges the defendants violated his constitutional rights, which this Court construes as a Due Process Claim under the Fourteenth Amendment for failure to provide adequate mental health care.

6. Plaintiff's Fourteenth Amendment Due Process Claim under 42 U.S.C. § 1983 may proceed against Ms. Breeman for failure to provide adequate mental health care.

7. "Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior." *Iqbal*, 556 U.S. at 676.  Therefore, to hold Warden Oscar Aviles liable under § 1983, Plaintiff must allege sufficient facts to establish that: (1) as a supervisor, he "established and maintained a policy, practice or custom which directly caused [the] constitutional harm," or (2) that he "participated in violating plaintiff's rights, directed others to violate them, or, as the person[s] in charge, had knowledge of and acquiesced in [his] subordinates' violations." *Santiago v. Warminster Twp.*, 629 F.3d 121, 129 n. 5(3d Cir. 2010) (quoting *A.M. ex rel. J.M.K. v. Luzerne Cnty. Juvenile Det. Ctr.*, 372 F.3d 572, 586 (3d Cir. 2004)

(alterations added).  Plaintiff has not alleged such facts.  Therefore, his claim against Oscar Aviles will be dismissed without prejudice.

An appropriate order follows.

DATE:_____April 10_____, 2023

_____
Hon. Susan D. Wigenton,
United States District Judge